# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00397-CV

---

**L. M. V., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-002955, THE HONORABLE TIM SULAK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Mother L.M.V. appeals from the trial court's final decree terminating her parental rights to her six children, ranging at the time of trial from four to ten years old. The Texas Department of Family and Protective Services obtained custody after the Austin police, responding to an emergency call, found L.M.V. and the children inside the house while the children's father was outside acting nervous and agitated. During their investigation, the police noted that the oldest child had a bloody nose, and L.M.V. and the father admitted that they had used methamphetamine that morning. The children were removed, but the parents engaged in their services, and the children were returned to their care under a monitored return. However, several months into the monitored return, the parents relapsed and used drugs while the children were at home. At that time, the children were removed again and placed together in a foster home. Testimony was presented about L.M.V.'s long-time struggles with drug abuse, including

her relapse during the monitored return and drug-related arguments that would arise between her and the father. There was also testimony about the children's outcries of domestic violence; the children's developmental delays, educational delays, and other needs discovered upon their removal; and how the children were thriving in their foster home. The oldest child had expressed a desire to return to her parents but also said she did not want her siblings to return because she "doesn't think that they'll be safe, and she doesn't feel she could protect them." Further, a Department caseworker testified that the oldest child was very distressed after she was placed in a position of having to tell a teacher about her parents' relapse in order to protect her younger siblings. The caseworker also expressed grave concerns about the oldest child's statement that if she or the children were returned again, she would not seek help or tell anyone about "unsafe things" in the home because she did not want to be removed.

At the conclusion of the final hearing, the trial court signed a final decree finding that L.M.V. had placed or allowed the children to remain in conditions or surroundings that endangered their well-being, that she had engaged in conduct or placed the children with others who engaged in conduct that endangered the children's well-being, and that termination was in the children's best interest. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (2).

On appeal, L.M.V.'s court-appointed attorney has filed a motion to withdraw supported by an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeal from termination of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Reg. Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet.

denied).  L.M.V.'s counsel has certified to this Court that he provided L.M.V. with a copy of the *Anders* brief and motion to withdraw and advised her of her right to examine the appellate record and to file a pro se brief.  To date, L.M.V. has not filed a pro se brief.

We have conducted an independent review of the record, including the *Anders* brief submitted on L.M.V.'s behalf.  *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647.  We have found nothing in the record that might arguably support an appeal, and we agree with counsel that the appeal is frivolous and without merit.  Accordingly, we affirm the trial court's decree terminating L.M.V.'s parental rights.  Counsel's motion to withdraw is denied.[1]

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Kelly

Affirmed

Filed:  December 10, 2020

---

[1] The Texas Supreme Court has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review."  *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).  Accordingly, counsel's obligation to L.M.V. has not yet been discharged.  *See id.*  If L.M.V., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."  *See id.* at 27-28.